LEGAL SERVICES NYC – BRONX
*Attorneys for Plaintiff*
By Anne Nacinovich (AN – 6586)
349 E. 149th Street
Bronx, N.Y. 10451
Telephone: (718) 928-3739
Facsimile:  (718) 402-7585

JUDGE CARTER

14 CV    8700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
                                                       )
                                                       )
RAMON RODRIGUEZ,                                       )
                                                       )
                  Plaintiff,                           )     No. 14 Civ.
                                                       )
            -against-                                  )
                                                       )     COMPLAINT
                                                       )
FORSTER & GARBUS LLP                                   )
                                                       )
                  Defendant.                           )
                                                       )
                                                       )
-------------------------------------------------------X

RECEIVED
OCT 31 2014
U.S.D.C. S.D. N.Y.

Plaintiff Ramon Rodriguez, for his complaint, alleges, upon personal knowledge as to himself and information and belief as to other matters, as follows:

INTRODUCTION

1.      The defendant obtained and collected upon a default judgment in a consumer debt case in Bronx Civil Court against Ramon Rodriguez.  Mr. Rodriguez fully paid the alleged debt in August 2013, and yet, five months later, in January 2014, the defendant sent a garnishment notice to his employer to collect on the debt again.

2.      This is an action for actual and statutory damages brought by plaintiff, an individual consumer, against the defendant attorneys for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

JURISDICTION AND VENUE

3. This Court has jurisdiction over plaintiffs' federal claims under 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331.

4. Venue is proper in the Southern District of New York because the defendant transacts business in this district and the conduct complained of occurred within this district.

PARTIES

5. Plaintiff Ramon Rodriguez is a natural person residing in Bronx County, New York. He works as a doorman in Manhattan. He is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant Forster & Garbus LLC ("Forster") is a law firm licensed as a debt collector by the New York City Department of Consumer Affairs. Forster regularly conducts business in the Bronx, New York. Forster regularly collects or attempts to collect debts allegedly owed to third parties. Foster is a "debt collector" as defined by the FDCPA, *15 U.S.C. § 1692a(6)*.

FACTUAL ALLEGATIONS

7. In 2012, Forster, acting as attorney for Capital One Bank (USA) N.A. ("Capital One"), sued Rodriguez in the Civil Court of the City of New York, Bronx County ("Bronx Civil Court") for a consumer debt. The case was assigned Index No. 16211/2012 (the "Bronx Civil Court Case").

8. Capital One won the case on default. Mr. Rodriguez was never properly served with the summons and complaint, and so was unable to submit an answer to the complaint. He first learned of the case only after the default was in place.

9. Mr. Rodriguez's bank account was frozen in 2013 and in order to release the

2

funds he paid the default judgment. Mr. Rodriguez made the last payment in August 2013.

10. Defendant knew that Mr. Rodriguez had fully satisfied the judgment in the Bronx Civil Court Case by August 2013.

11. A lawyer for Forster, Olivia Debellis submitted an affidavit in Bronx Civil Court stating that the judgment was fully paid by August 2013.

12. In January 2014, Mr. Rodriguez learned from his boss that his employer, Lincoln Spencer Apartments, had received a garnishment notice for a Capital One case and that ten percent of his wages were to be garnished. Mr. Rodriguez was told that because Capital One had a judgment, the employer was obligated to process the execution. Mr. Rodriguez was given a copy of the garnishment notice.

13. Upon information and belief, the garnishment notice, dated December 31, 2013, was issued to collect on the default judgment in the Bronx Civil Court Case. The notice sought another two thousand seven hundred and forty five dollars and forty eight cents ($2,745.48) from Mr. Rodriguez in addition to what he had paid months earlier.

14. Mr. Rodriguez was extremely upset because he had fully paid the debt. Mr. Rodriguez also felt embarrassed that the notice went to his employer. The additional amount sought was a significant amount of money to him and would make it difficult for him to pay for his rent, and other bills necessary to meet the basic needs of his family. Mr. Rodriguez is the father of four minor children.

15. Mr. Rodriguez showed the garnishment notice to his sister. She suggested that he seek help. Mr. Rodriguez then went to Bronx Civil Court to object to having to pay additional money, to try to understand what had gone wrong and to seek legal assistance. Mr. Rodriguez spent time getting advice about what to do, stopping the garnishment, obtaining information

3

about the case, and finding legal assistance.

16.   Defendant's conduct as described above has caused Ramon Rodriguez to incur economic loss.

17.   Defendant's conduct as described above was willful and/or knowing.

<u>FIRST CLAIM FOR RELIEF</u>
(Violations of FDCPA)

18.   Plaintiff reiterates and incorporates paragraphs 1 through 17 as if fully repeated here.

19.   Through its actions, the defendant has used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

20.   Through its actions, defendant has used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

21.   Through its actions, defendant has engaged in conduct the natural consequence of which was to harass, oppress, and abuse a debtor, in violation of 15 U.S.C. § 1692d.

22.   Mr. Rodriguez suffered actual damages as result of the defendant's actions.

23.   As a result of these violations, Mr. Rodriguez is entitled to statutory and actual damages, attorney's fees, and costs.

WHEREFORE, Plaintiff respectfully requests the Court to order the following:

A.  Award actual damages to Plaintiff under 15 U.S.C. § 1692k;

B.  Award statutory damages to Plaintiff under 15 U.S.C. § 1692k;

C.  Award costs and reasonable attorney's fees to Plaintiff's attorneys under 15

U.S.C. § 1692k; and

D.  Award such other and further relief as may be just and proper.

Dated:  October 27, 2014
Bronx, New York

LEGAL SERVICES NYC – BRONX

By _____

Anne Nacinovich (AN-6586)
349 E 149th Street, 10th Floor
Bronx, N.Y. 10451
Telephone/Fax: (718) 928-3739

*Attorneys for Plaintiff*

5